UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RIDGEVIEW IP LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**COMODO SECURITY SOLUTIONS, INC.,**<br><br>Defendant. | Case No. 22-cv-10178<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Ridgeview IP LLC ("Plaintiff") hereby files this Original Complaint for Patent Infringement against Comodo Security Solutions, Inc. ("Comodo" or "Defendant"), and alleges, upon information and belief, as follows:

## THE PARTIES

1. Ridgeview IP LLC is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 3333 Preston Road, Suite 300, Frisco, Texas 75034.

2. Defendant is a corporation organized and existing under the laws of the State of Delaware with a place of business in this District located at 123 Fifth Avenue, New York, NY 10160. Defendant may be served through its registered agent, NATIONAL REGISTERED AGENTS, INC., 1209 ORANGE STREET, WILMINGTON, New Castle, DE, 19801.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Defendant. Defendant has continuous and systematic business contacts with the State of New York. Defendant transacts business within this District and elsewhere in the State of New York. Further, this Court has personal jurisdiction over Defendant based on its commission of one or more acts of infringement of Ridgeview's Patents in this District and elsewhere in the State of New York.

5. Defendant directly conducts business extensively throughout the State of New York, by distributing, making, using, offering for sale, selling, and advertising its products and services in the State of New York and in this District. Defendant has purposefully and voluntarily made its business services, including the infringing systems and services, available to residents of this District and into the stream of commerce with the intention and expectation that they will be purchased and/or used by consumers in this District.

6. Defendant maintains physical brick-and-mortar business locations in the State of New York and within this District, retains employees specifically in this District for the purpose of servicing customers in this District, and generates substantial revenues from its business activities in this District.

7. Venue is proper in this District as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b). As noted above, Defendant maintains a regular and established business presence in this District.

## PATENTS-IN-SUIT

8. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent 6,983,270 (the "'270 Patent"), titled "Method and Apparatus for Displaying Database Search Results" (hereinafter collectively referred to as "the Ridgeview Patents").

9. By written instruments duly filed with the United States Patent and Trademark Office, Ridgeview is assigned all rights, title, and interest in the Ridgeview Patents. As such, Plaintiff Ridgeview IP LLC has sole and exclusive standing to assert the Ridgeview Patents and to bring these causes of action.

10. The Ridgeview Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

11. The Ridgeview Patents have been cited in 29 patents issued to well-known industry leaders, including industry giants Google, Apple, Microsoft, IBM, Hitachi, eBay, Daimlerchrysler, Xerox, and Roche Diagnostics.

12. The Ridgeview Patents each include numerous claims defining distinct inventions. No single claim is representative of any other.

13. The priority date of each of the Ridgeview Patents is at least as early as January 24, 2001. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine. Indeed, the Ridgeview Patents overcame a number of specific technological problems in the industry, and provided specific technological solutions.

14. The claims of the Ridgeview Patents are patent eligible under 35 U.S.C. § 101, 102, 103, and 270, as reflected by the fact that three different Patent Examiners all agreed and allowed the Ridgeview Patents over extensive prior art as disclosed and of record during the prosecution of the Ridgeview Patents. *See Stone Basket Innov. v. Cook Medical,* 892 F.3d 1175, 1179 (Fed. Cir. 2018) ("when prior art is listed on the face of a patent, the examiner is presumed to have

considered it") (citing *Shire LLC v. Amneal Pharm., LLC,* 802 F.3d 1301, 1307 (Fed. Cir. 2015)); *Exmark Mfg. v. Briggs & Stratton,* 879 F.3d 1332, 1342 (Fed. Cir. 2018).

15. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiners allowed all of the claims of the Ridgeview Patents to issue. In so doing, it is presumed that Examiners used their knowledge of the art when examining the claims. *See K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Patent Examiners had experience in the field of the invention, and that the Patent Examiners properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

16. The claims of the Ridgeview Patents are novel and non-obvious, including over all non-cited art that is merely cumulative with the referenced and cited prior art. *See* 37 C.F.R. § 1.56(b) (information is material to patentability when it is not cumulative to information already of record in the application); *see also AbbVie Deutschland GmbH v. Janssen Biotech,* 759 F.3d 1285, 1304 (Fed. Cir. 2014); *In re DBC,* 545 F.3d 1373, 1382 (Fed. Cir. 2008). Likewise, the claims of the Ridgeview Patents are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by the Examiners. *See, e.g., St. Clair I.P. Consultants v. Canon, Inc.,* 2011 WL 66166 at *6 (Fed. Cir. 2011); *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002); *In re Koninklijke Philips Patent Litigation,* 2020 WL 7392868 at *19 (N.D. Cal. 2020); *Standard Oil v. American Cyanamid,* 774 F.2d 448, 454 (Fed. Cir. 1985) (persons of ordinary skill are presumed to be aware of all pertinent prior art).

## THE ACCUSED INSTRUMENTALITIES

17. Upon information and belief, Defendant makes, sells, advertises, offers for sale, uses, or otherwise provides a method for displaying a progress and results of a database search until a desired result is displayed covered by the Ridgeview Patents, including the Comodo cWatch, as represented below, including all augmentations to these platforms or descriptions of platforms. Collectively, all the foregoing is referred to herein as the "Accused instrumentalities."

18. The Accused Instrumentalities practice a method for displaying a progress and results (e.g., displaying progress with intermediary results and eventually getting a desired result) of a database search (e.g., Comodo cWatch database search) until a desired result (e.g., an event search result) is displayed.



See https://www.comodo.com/website-security-platform/cwatch.php.



See https://help.comodo.com/topic-285-1-848-11000-Introduction-to-Comodo-cWatch-Web-Security.html.



See https://help.comodo.com/topic-285-1-832-10597-Step-5-%E2%80%93-Configure-Event-Queries.html?af=1165.



See https://help.comodo.com/topic-285-1-832-10597-Step-5-%E2%80%93-Configure-Event-Queries.html?af=1165.

See https://help.comodo.com/topic-285-1-832-10597-Step-5-%E2%80%93-Configure-Event-Queries.html?af=1165.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                                   7



See https://help.comodo.com/topic-285-1-832-10597-Step-5-%E2%80%93-Configure-Event-Queries.html?af=1165.

## COUNT I
### Infringement of U.S. Patent No. 6,983,270

19. Plaintiff incorporates the above paragraphs by reference.

20. Defendant has been on actual notice of the '270 Patent at least as early as the date it received service of the Original Complaint in this litigation.

21. The damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

22. Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                      8

23. Defendant has directly infringed and continues to directly infringe the claims of the '270 Patent. As exemplary, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities. Defendant directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom. More specifically, and on information and belief, with respect to the Accused Instrumentalities, Defendant:

- (i) practices and provides a method for displaying a progress and results (e.g., displaying progress with intermediary results and eventually getting a desired result) of a database search (e.g., CampusNexus Student database search) until a desired result (e.g., a message result) is displayed.;

- (ii) practices and provides displaying a set of entries (e.g., different filters related to message search) from a database (e.g., CampusNexus Student database) and a set of operators (e.g., Boolean row operators such as AND, OR, etc.), wherein ones of said displayed set of entries (e.g., different filters related to message search) and ones of said displayed set of operators (e.g., Boolean row operators such as AND, OR, etc.) are selected to form a database search query (e.g., a search query with filters) for producing valid results (e.g., message results);

- (iii) practices and provides a selecting an initial entry (e.g., selecting filters such as Selecting a property, operator, etc. from other multiple filters) of said displayed set of entries (e.g., different filters related to the message search), with different filters (e.g., entries) to a user, and the user can select a filter as a search query to get a desired message result;

- (iv) practices and provides a displaying a set of valid results (e.g., message results after filtering) from a query based on said selected entry (e.g., selecting a property, operator, etc. from other multiple filters), with different filters (e.g., entries) to a user, and the user can select a filter as a search query to get a desired message result;

- (v) practices and provides updating said set of displayed operators (e.g., a displayed row operator) based on said selected entry (e.g., selecting a property, operator, etc. from other multiple filters), wherein said updated set of displayed operators (e.g., a displayed row operator) includes only operators from the set of operators (e.g., Boolean operators such as AND, OR, etc.), wherein the operators combined in a query (e.g., message search query) with the selected entry (e.g., selecting a property, operator, etc. from other multiple filters) and at least one of the set of entries (e.g., different filters related to message search) from the database produce at least one valid result (e.g., message result);

- (vi) practices and provides a selecting an operator (e.g., selecting a row operator such as 'AND' operator) from the updated displayed set of operators (e.g., displayed set of the row operators);

- (vii) practices and provides updating said displayed set of entries (e.g., updated filters related to the message search) in response to the selected operator (e.g., selecting a row operator such as 'AND' operator), wherein said updated displayed set of entries (e.g., updated fields related to the message search) includes only entries from the database, wherein the entries (e.g., different filters related to the message search) combined in a query (e.g., message search query) with the selected entry (e.g., selecting a property, operator, etc. from other multiple filters) and the selected operator (e.g., a selected row

      operator such as 'AND' operator) produce at least one valid result (e.g., a message result);

- (viii) practices and provides selecting one of said updated displayed set of entries (e.g., filters related to the message search);

- (ix) practices and provides updating said displayed set of valid results (e.g., message results) according to a query (e.g., message search query) based on the selected entries (e.g., selected filters related to the message search) and the selected operator (e.g., selected row operator such as 'AND' operator); and

- (x) practices and provides while said updated displayed set of valid results (e.g., message results) is not the desired result, repeating steps d. through h. (e.g., filtering with additional fields related to the message search), based on all previously selected entries (e.g., selected entry such as selecting a property) and operators (e.g., selected operator such as 'AND' operator), to select an additional operator (e.g., selecting an additional operator such as 'OR' operator) and an additional entry (e.g., selecting an additional filter, etc.) for the database search query (e.g., CampusNexus student database), and to update said displayed set of valid results (e.g., message results).

24.    Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces. Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities. Such testing and/or legal compliance necessarily requires Defendant to make and

use the Accused Instrumentalities in an infringing manner. Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

25. As shown above, Defendant is making, using, and offering for sale the Accused Instrumentalities.

26. Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing method operation of the Accused Instrumentalities.

27. On information and belief, the infringement of the Ridgeview Patents by Defendant will now be willful through the filing and service of this Complaint.

28. In addition or in the alternative, Defendant now has knowledge and continues these actions and it indirectly infringes by way of inducing direct infringement by others and/or contributing to the infringement by others of the '270 Patent in the State of New York, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '270 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Defendant injured Ridgeview and is thus liable to Ridgeview for infringement of the '270 Patent under 35 U.S.C. § 271.

29. Now with knowledge of the Ridgeview Patents, Defendant induces infringement under Title 35 U.S.C. § 271(b). Defendant will have performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of

inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co.*, 501 F.3d 1307, 1313, (Fed. Cir. 2007).

30. Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

31. Defendant has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

32. In addition, on information and belief, and based in part upon the clear infringement by the Accused Instrumentalities, Defendant has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services. As such, Defendant has been willfully blind to the patent rights of Plaintiff.

33. The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement

shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the Ridgeview Patents.

34. Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1. Declaring that Defendant has infringed each of the Ridgeview Patents;

2. Awarding Plaintiff its damages suffered because of Defendant's infringement of the Ridgeview Patents;

3. Enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Defendant's willful infringement of one or more of the Ridgeview Patents;

4. Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest; and

5. Granting Plaintiff such further relief as the Court finds appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

        Respectfully Submitted,

**LOAKNAUTH LAW, P.C.**
1460 Broadway
New York, NY 10036
Telephone: (212) 641-0745
Facsimile: (718) 301-1247
Nicholas Loaknauth
nick@loaknauthlaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999
Christopher A. Honea
  chonea@ghiplaw.com

**ATTORNEYS FOR PLAINTIFF
RIDGEVIEW IP LLC**