February 14, 2023

**VIA ECF**

Hon. Gregory H. Woods, U.S.D.J.
United State District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Ridgeview IP LLC v. Comodo Security Solutions, Inc.* C.A. No. 1:22-cv-10178 (S.D.N.Y.)

Dear Judge Woods,

Pursuant to this Court's Orders, dated December 2, 2022 (D.I. 9) and February 13, 2023 (D.I. 11), Plaintiff Ridgeview IP LLC ("Plaintiff") hereby submits this status letter.

*(1) A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;*

Plaintiff alleges that Defendant infringes United States Patent 6,983,270 by practicing a method for displaying a progress and results of a database search until a desired result is displayed. Plaintiff alleges that Defendant owes Plaintiff a reasonable royalty for said infringement.

*(2) A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall comply with the Court's Individual Rule 2(B)(ii);*

Plaintiff: As this is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, this Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.  Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and has a regular and established business in this District's state.

Defendant:  Defendant Comodo Security Solutions, Inc. ("Defendant") was served, as shown in the Affidavit of service filed December 13, 2022 (D.I. No. 10). Defendant has yet to appear or contact counsel for Plaintiff.

*(3) A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference;*

Plaintiff: Plaintiff will seek entry of default.

Defendant:  N/A

*(4) A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));*

None at this time.

*(5) A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii);*

Plaintiff: Plaintiff seeks a reasonable royalty for Defendant's infringement of the patent-in-suit. Additionally, Plaintiff currently intends to seek an award of all costs and expenses of this action, including, but not limited to, attorney's fees, costs, and expenses incurred in this action as a result of this being an "exceptional" case. However, the amount of damages and attorney's fees, costs, and expenses has not yet been determined. Discovery is ongoing. Plaintiff will make available for inspection and copying, at the appropriate time, documents and/or computations, together with supporting documents, and also concerning any claim for attorneys' fees pursuant to 35 U.S.C. § 285, interest, and costs of this action. Plaintiff's fact investigation remains ongoing, and Plaintiff expressly reserves the right to supplement these disclosures as discovery continues and it receives more information from Defendant.

Defendant:  Defendant has not appeared to file a counterclaim for which damages under Fed. R. Civ. P. 26(a)(1)(A)(iii) would be sought.

*(6) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and*

The parties have not been engaging in settlement discussions.

*(7) Any other information the parties believe may assist the Court in resolving the action.*

None at this time.

Dated: February 14, 2023

*/s/ Nicholas Loaknauth*
**LOAKNAUTH LAW, P.C.**
Nicholas Loaknauth
SDNY Bar No. NL0880
1460 Broadway
New York, New York 10036
Telephone: (212) 641-0745
Facsimile: (718) 301-1247
Email: nick@loaknauthlaw.com

Together with:

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999
Christopher A. Honea
   chonea@ghiplaw.com

ATTORNEYS FOR PLAINTIFF